*J. F. Cronin & C. H. Cronin*, for the defendant.

---

HENRY I. ALLEN *vs.* CITY OF BROCKTON.

Plymouth. November 22, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Evidence*, Competency. *Municipal Corporations*, Officers and agents.

The ordinances of a city empowered the mayor to sign, seal, execute and deliver in behalf of the city all leases of land leased by the city and all deeds and agreements made and entered into by the city council; provided for the appointment of a public property committee of the city council, which had the general care of the public lands and buildings of the city but no general authority to lease them; and required the city treasurer to keep a record of all contracts entered into by or on behalf of the city. Acting under a vote of the city council approved by the mayor, the public property committee on July 2 of a certain year advertised for sealed proposals for the purchase from the city of a certain parcel of land, stating therein that proposals were to be made "subject to the right of

the present lessees of said parcel to remove therefrom any and all buildings or parts of buildings erected and owned by them." One, who had read the advertisement and learned of the ordinance as to records with the city treasurer, having been shown by the treasurer as all papers in his custody respecting the real estate in question two leases, the second of which had expired on June 22, both of which provided that the lessees should at the termination of the terms of the leases deliver up the premises in as good order and condition, reasonable use and wearing, fire and other unavoidable casualties excepted, as they were at the dates of the leases, made a proposal for purchasing the land, which was accepted by the city. At the time when the agreement was made, the tenant who had occupied under the leases still was in possession, but he vacated the premises before the city conveyed to the purchaser, taking with him windows, doors, and many other substantial parts of the buildings. The purchaser brought an action against the city for breach of the contract of purchase. The defendant offered in evidence an agreement made on June 7 between the public property committee of its city council and the lessee, which gave the lessee permission at the expiration of his lease to occupy the premises as tenant at will and, on vacating, to remove any buildings or parts of buildings then owned by the lessee or put on the premises by him by way of attachment to any other building. The agreement was not signed or sealed by the mayor and had not been recorded with the treasurer. Later an order was passed by the city council and approved by the mayor giving to the public property committee authority to lease or to sell the land in question. It did not appear that, during the consideration of such order in two co-ordinate branches of the city council, anything was known by either branch of the council or by the mayor of the agreement offered in evidence. The agreement was excluded. *Held*, that the exclusion was proper, since the agreement was not competent to justify the defendant in not conveying the premises to the plaintiff in the condition in which, according to his examination of the records at the time when he made his proposal, the plaintiff had a right to expect them to be.

RUGG, J.  This is an action for breach of contract. The plaintiff, in response to an advertisement issued on July 2, 1907, by the defendant, made a sealed proposal for the purchase of a certain parcel of real estate with buildings thereon. The advertisement contained this language: "Said proposals are to be made subject to the right of the present lessees of said parcel to remove therefrom any and all buildings or parts of buildings erected and owned by them." After reading this advertisement, the plaintiff learned of an ordinance of the defendant requiring the city treasurer to keep a record of all contracts entered into by or in behalf of the city. In accordance with his request the city treasurer showed him as all papers in his custody respecting the real estate in question two leases, one of which had expired in 1902, and the other on June 22, 1907, running to Henry E. and Lyman F. Garfield. These leases were in the common form. Among the covenants in them was one that the lessees would deliver up

the premises in as good order and condition, reasonable use and wearing, fire and other unavoidable casualties excepted, as they were at the dates of the leases. The proposal of the plaintiff was accepted, he complied with the terms of sale, and in October, 1907, took a deed, reserving his right of action against the defendant for breach of its contract. In September, 1907, the Garfields as lessees were allowed by the defendant to leave the premises and buildings not in as good condition as when leased, but stripped of windows, doors, and many other substantial parts. The exceptions relate to the refusal by the trial judge * to receive certain evidence offered by the defendant.

An ordinance of the defendant was proved as follows: " The mayor is hereby authorized and empowered to affix the common seal of the city and to sign, seal, execute and deliver in behalf of the city . . . all leases of land . . . leased by the city and all deeds, agreements, indentures and assurances made and entered into by the city council."

The plaintiff admitted that the Garfields vacated the premises within a reasonable time, and the defendant admitted that they removed things which they could not have done under the leases. In justification of the removal, it offered a vote of June 7, 1907, of the public property committee of the city council, which had the general care of the public lands and buildings of the defendant, but no general authority to lease them, allowing the Garfields to " occupy the premises . . . as tenants at will . . . as shown by agreement." The agreement recited the approaching expiration of the lease and provided for occupancy thereafter, and then permitted " the said Garfields to remove . . . any building or buildings or parts of buildings now on said premises, owned by the said Garfields, and all buildings and parts of buildings put on said premises by the said Garfields by way of attachment to any other building." This was not signed by the mayor nor sealed with the seal of the city. The trial judge rightly excluded this evidence. The vote and agreement were not in form a grant of any new interest to the Garfields. The agreement was not executed in accordance with the ordinance as to the signature and sealing by the mayor. It was beyond the power of the committee. The vote of the city council authoriz-

---

* *Harris*, J.

ing the committee to lease the property was passed afterward,* and was not in substance a ratification of this action, and it did not appear that anything was then known by the city council of the agreement. It did not appear that the vote or agreement or a copy of either was ever in the custody of the city treasurer or other city record keeper. The plaintiff was a *bona fide* purchaser for value without actual notice of the alleged agreement, and his rights could not be affected in any such way. It is not necessary to consider the other grounds urged in support of the ruling.

*Exceptions overruled.*

The case was submitted on briefs.

*W. G. Rowe,* for the defendant.

*W. Goddard & A. M. Rollins,* for the plaintiff.

---

\* The record of this vote was as follows:

"In Board of Aldermen, May 20, 1907.

"Ordered: That the Joint Standing Committee on Public Property be and they are hereby authorized, upon the expiration of the existing lease of the property of the city on Perkins Avenue, to lease the said estate anew or to dispose of the same at public or private sale, as they deem best for the interest of the city.

"In Board of Aldermen, May 27, 1907.

"Amended by adding the words ' If the property is leased it shall be to the highest bidder and if the property is sold, it shall be to the highest bidder '; as amended, passed and sent down for concurrence.

"DeWitt C. Packard,
City Clerk.

"In Common Council, June 13, 1907.

"Non-concurred in amendment of the Board of Aldermen. Amended in the last line by inserting after the word ' sale ' and before the word ' as ' the words ' said committee are directed to advertise for sealed bids with the right to reject any or all bids,' as amended pass and sent up for concurrence.

"Elmer Fullerton,
Clerk.

"In Board of Aldermen, June 17, 1907.

"Receded from amendment and accepted amendment of Common Council: as amended passed in concurrence.

"DeWitt C. Packard.
City Clerk.

"Approved June 18, 1907,
"John S. Kent,
Mayor."

The bill of exceptions states as to these votes: "The defendant introduced this last order and again offered the writing of June 7, 1907, [the vote

and agreement of the public property committee of the city council] on the
claim that by the above order and ordinance there was a ratification of the
making of said writing of June 7.   It did not appear that on June 13, 1907,
in common council, on June 17, 1907, in board of aldermen, or on June
18, 1907, when the mayor approved said order, anything was known by said
boards as such, or said mayor, of said writing of June 7."